IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 17, 2017

## STATE OF TENNESSEE v. RICHARD ADRIAN VAUGHN

**Appeal from the Criminal Court for Washington County
Nos. 37022, 37028, 37030, 37032, 37593, 40228    Stacy L. Street, Judge**

_____

### No. E2016-02357-CCA-R3-CD

_____

The Defendant, Richard Adrian Vaughn, pleaded guilty to one count of hindering a secured creditor, one count of writing a worthless check, and four counts of theft. The trial court ordered the Defendant to serve an agreed upon five-year sentence, suspended to six years of probation. In December 2015 and May 2016, probation violation reports were filed with the trial court based upon multiple alleged violations. After a hearing, the trial court revoked the Defendant's probation for absconding and testing positive for drugs. On appeal, the Defendant asserts that the trial court abused its discretion in revoking his probation. We affirm the trial court's revocation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and JOHN EVERETT WILLIAMS, J., joined.

Jeffery C. Kelly, District Public Defender, and William L. Francisco, Assistant Public Defender, Johnson City, Tennessee, for the appellant, Richard Adrian Vaughn.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Anthony W. Clark, District Attorney General; and Kenneth C. Baldwin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

In July 2011, the Defendant pleaded guilty to hindering a secured creditor, writing a worthless check, four counts of theft, and failure to appear in exchange for a five-year sentence suspended to six years of probation. In January 2015, the Defendant was again charged with three counts of theft. In July 2015, the Defendant pleaded guilty to two of

the three counts for a two-year sentence to run consecutively to his prior five-year sentence. The Defendant's prior probation sentence was revoked and reinstated with the requirement he attend the Day Reporting Center ("DRC").

Over the course of the next year, two probation violation reports were filed. The first alleged the Defendant admitted to use of oxycodone and denied the use of benzodiazepines. A subsequent drug test revealed the presence of both oxycodone and benzodiazepines. The DRC requested the probation violation report be left "open" to continue monitoring the Defendant. The second probation violation was filed based upon the Defendant's failure to attend the DRC and his failure to make contact with his probation officer. The DRC filed a discharge summary stating it considered the Defendant an absconder and recommended that he serve his sentence in the Tennessee Department of Correction.

The trial court held a hearing on November 16, 2016. The Defendant was sworn in, and he waived his right to a hearing and entered a plea of guilty to the probation violation allegations. The trial court asked the Defendant if he had anything to add to the discharge summary from the DRC, and the Defendant responded that he did not. The trial court then asked the Defendant's probation officer if she had anything to add, and the probation officer stated the following:

> [The Defendant] was my client and I did a plan with him, arranged NET Trans every day, you name it, and he still took upon himself to abscond. I called him repeatedly and said, what can I do to help you, and he . . . ignored me. And I called his boss and even asked his boss to get him into the Day Reporting Center, did everything I could do for him. I – I recommend he serve his sentence.

The State agreed with the recommendation stating, "it doesn't seem like he's giving the people who's [sic] tried to work with him very much to work with."

The trial court found that the Defendant had been given "chance after chance after chance" and that the trial court believed the probation officer's assertion that she had "bent over backward" to help the Defendant. The trial court noted that the court had given him a second chance at probation and the DRC and the Defendant "didn't do it." The trial court found that the Petitioner had violated the terms of his probation and revoked the probation sentence, putting the seven-year sentence into effect. It is from this judgment that the Defendant appeals.

## II. Analysis

The Defendant argues that the trial court improperly relied on the unsworn testimony of the probation officer in revoking his probation sentence and abused its discretion by imposing the sentence. The State responds that the trial court properly ordered the Defendant to serve his sentences and that the Defendant did not object to the probation's officer testimony, therefore waiving his argument in this respect.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

The record in this case provided substantial evidence to support the trial court's revocation of probation. A requirement of the Defendant's probation was participation and compliance with the DRC. By his own admission, the Defendant failed to attend the meetings; thus, the evidence supports the trial court's finding of a violation. After the trial court found that the Defendant had violated the terms of his probation it retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve his sentence in incarceration.

The determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). Case law establishes that "an accused, already on probation, is not entitled to a second grant of

probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

The record clearly reflects that the Defendant violated the terms of his probation. The Defendant was terminated from the DRC program. His termination was based upon his failure to attend. This, however, was not the Defendant's first violation. The Defendant had failed a drug screen after being untruthful about the use of benzodiazepine and admitting to the use of oxycodone. The Defendant was afforded the opportunity to continue attending the DRC but failed to do so. The record supports the trial court's revocation of the Defendant's probation. Further, the trial court acted within its authority when it ordered the incarceration of the Defendant for the remainder of the original sentence.

As to the Defendant's assertion that the trial court improperly considered the unsworn testimony of the probation officer, we agree with the State that the Defendant did not raise a contemporaneous objection as required by Tennessee Rule of Appellate Procedure 36(a) to preserve the issue for appeal. Nevertheless, we note that the Petitioner admitted to his conduct violating the terms of his probation, providing a basis for the trial court's revocation. The trial court addressed at length the Defendant's prior failed attempts at probation as his reasoning for revoking the sentence, and the trial court and the Defendant spoke candidly about the Defendant's conduct that violated probation. *See* T.C.A. § 40-35-103(1)(C)(2014). We conclude that the trial court did not err when it ordered the Defendant to serve the balance of his sentence incarcerated. The Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

- 4 -